to the court, to the trial judge, for a default judgment. Now interestingly enough, a default finding had been entered over a year earlier in 2019. That default finding stated specifically that process had been served, but there was still no affidavit in the file at that point in time. And I submit that the affidavits that Eric Kirkpatrick files after the fact do not support a claim for valid service of process. Let me start with that, counsel. You said the default judgment was entered in 2019, correct? Yes, Your Honor. And then... The default finding had been entered in 2019. And then the motion to vacate was filed 2022? 2021, January of 2021. And the execution on the judgment after the default judgment had been entered in September of 2020, execution began on the judgment... I'm sorry. The motion to vacate was filed in... I don't have the date in front of me. The motion to vacate was filed one month after she received notification through the ARDC, because she's a licensed attorney or was at that time. After she received that notification, she filed within a month, because she received that notification in December of 2021. So she filed in January of 2022. Yes. But during that process, if I remember reading correctly through the facts, the circuit clerk sent several notices to your client, either to her home or law firm address, correct? Correct. And they were all returned to sender. If you look through the file, you'll see returned to sender on, I won't say 100%, but on almost all of those notices, they were returned back to the... Now, part of the reason that they were returned at the tail end was because she had closed her law office. After the ARDC complaint, she just surrendered her license. But prior to that, they were sending it to an address that was not her... that was an invalid address. So if you look... and you can see that in the file itself on the notices, they'll say returned to sender. And there are... I'm not going to say, like I said, 100%, but I think it's almost all of them were returned back. Opposing counsel's brief at page 6, near the bottom, cites to C-59 of the reference, says that your client in her own affidavit confirms that she met with plaintiff's counsel and accepted a copy of the complaint. Yeah, that... if you look at the... and I saw that in there, and that is not true. She does not admit that. And in fact, in her motion to vacate under 1401 that she filed pro se before I was hired into this case, she specifically states I did not receive a copy. So she... we contest that. That's not what the record indicates. The record indicates that she says she never received a copy of the complaint. When they had that meeting in the office in July of 2018, she did not receive a copy. Why did they have the meeting in his office? So he called her up and he said, come over to my office, and then they had a discussion about the case. And some of that is laid out in Eric Kirkpatrick's two affidavits about the facts of the case. And the only two paragraphs that are in the two affidavits filed by Eric Kirkpatrick are the two paragraphs that I read at the outset. And that is the only two that address this issue of acceptance of service in this case. Most of the affidavits deal strictly with the facts of the case. This was a case involving a claim of embezzled funds between Kimberly and her son. I don't want to bore you with all the facts underlying it, but they're all they're laid out in the affidavits. And yes, they did talk about the case. And yes, they did discuss the matters. But as far as the issues regarding service of process, she was very clear in her petition that she filed asking to vacate the default judgment that she did not receive a copy. The trial judge made a specific finding that her testimony was self-serving and not sufficient to overcome the two affidavits. With the standard of review we face, how does... Two things about the affidavits themselves. The case law is clear that if you have an affidavit of service of process by a process server, a licensed process server who has no stake in the case, then yes, the standard is you can only impede that by clear and convincing evidence. But that is not the case when you're talking about affidavits that are filed by the attorney for the party who claims that what he did was the equivalent of service of process. He was never appointed as a special process server under the section 2-201 or 2-203 of the Civil Practice Act. He was simply the attorney representing the plaintiff and he calls her over to his office. He had no authority to serve her as an impartial process server. And so his affidavits do not carry the same weight as an impartial process server's affidavits would have. There seems to be a dispute also about the standard review. I understand it's use states de novo for us and the opposing counsel says it's abuse of discretion. I'm not even sure why it's not a manifest way of evidence of affidavits. When you have a void judgment, and that's what we're saying that this is because there was failed to properly service process, you can collaterally attack it according to the case law at any time. That's void. Voidable, different standard of course. You have to show a defense. You have to show due diligence in filing the motion and you have to show due diligence in getting the motion heard and the decision made. That's our backup. That's what we're saying is the backup in this particular case because realistically what we're saying is this was a void judgment. This was a judgment that should never have been entered in the first place because there should have been at the time the default finding was entered back in 2019. It should never have been entered because there wasn't. I'm just not sure why you think it's de novo. If the judge made specific findings that there was service and that her testimony was not enough to overcome that, how do we get to de novo? That's what I'm not following. Well, I put the case, I put a case in my brief with respect to de novo review and its application as with respect to void judgments and judgments and the case I cited in there addresses judgments that are based solely upon the pleadings of record without any testimony. Without any evidentiary hearing. Correct. And there was no evidentiary hearing in this case. There was one offered though, right? There was one offered. Did she refuse to testify at that? Yes, Your Honor. That's correct. So then he, the judge in that case then made a factual determination based on what was before him? Correct, yes, Your Honor. Was there any testimony? Not from her, but from the other side? Just in the form of affidavits. No, nobody testified. It was in the form of the affidavits and the counter affidavits because quite frankly, that's why it's hard upon Eric Kirkpatrick's affidavits. That's all the testimony there is. And then her affidavit in response to that in the form for motion under 1401. So the affidavits were enough for the judge to make the determination. That's why nobody testified. It really wasn't necessary in this particular case. And so it's based on the affidavits and based on the pleadings of record. May I stop you? Sure. To keep interrupting. The affidavits presented at that offer, if you will, evidentiary hearing. Is that, are those affidavits considered evidence that the court can make a decision on? Yes, Your Honor. Because, and it was our position that quite frankly, the judge really didn't need anything more than the affidavits because there's nothing in the file. There's no writing with respect to following the rules under 213 of the Civil Practice Act with respect to an alternative method of service of process where the parties agreed to that method. It wasn't followed. There's no writing as far as an acceptance of service of process. There's no writing with respect to an acceptance of summons or a waiver of summons. There's nothing in writing in this particular case. All it is, and that's what the plaintiff relies upon, is just a so-called oral agreement of her to accept service of process in this case without anything to back it up. And that was sufficient for our purposes in establishing to the court that there was no agreement. And not only because they failed to follow the rules of 213, and they could have easily done that in this particular case, but there was no agreement and there's no writing to back up or even verify that there could have been an agreement. So just on the issue of our standard of review, if there was no hearing at all, no affidavits presented, and the court made a decision on jurisdiction, we would clearly then have this or that issue we would review, and it did not go to standard. But because of the affidavits, the offering of the opportunity for parties to testify, is that not a factual determination made by the court based on those sworn affidavits? Well, the case that I cited seems to imply that if it's based solely upon the pleadings, and this was, even with the affidavits, you know, that's part of the pleadings, as well as the 1401 motion that was filed by Kimberly. As part of the pleadings, if it's based solely upon the pleadings, the case that I cited says it's de novo review. So that was what I based it on. Thank you. I'm assuming, and maybe this could be done for rebuttal, but my question is going to be that the Doe versus Logan case that your opposing counsel cites, that basically says, you know, the parties do have the ability to come to agreement on how they wish to take care of the service of process and things such as that. Yeah, that was a Rule 23 opinion of the First District, and there was actually an affidavit filed verifying that conversation by the defendant and an affidavit by the defendant through his attorney that started out as a Match.com sexual assault case in which the attorney in the criminal case was called up by the plaintiff's attorney who had filed a civil suit and said, hey, will you accept service of process? And he said, yeah, sure, I have authority to do that. So they agreed to that, and then it was verified in subsequent affidavits filed after the fact. So there still was a writing. It just came after the fact, and it supported the oral agreement that they had had over the phone where he agreed to accept service of process. So that's, I think that's an important distinction from anything we have here, because there's not even an after the fact affidavit. Thank you. Thank you, Your Honors. May it please the Court, I am Phillip Spiker, attorney for the appellee who is also the plaintiff in the underlying case. I would say that defendant's counsel has spent his time arguing issues related to the defendant's underlying claim that she was not properly served. However, as you pointed out, the actual true issue before this Court is strictly whether the trial court abused its discretion in denying the defendant's motion to vacate after she failed to present any evidence in support of her motion at the evidentiary hearing. The defendant bore the burden of proof on her motion, but then when her motion was called, she neglected to present any evidence at all. And so therefore, I would suggest that any ruling other than a denial of her motion would have been an abuse of discretion. What's wrong with the broad line rule that if you're going to do this, you've got to follow Rule 213? Well, I mean, the case law is clear that 213 is not the exclusive means of serving a person. Oral agreements, written agreements, there are examples in our briefing of where an agreement to accept service of process by certified male was sufficient. Again, in the Dovey-Logan case, even though that's a Rule 23 opinion, it's still a clear example of where Illinois courts have concluded that an oral agreement to accept service of process by some other method, in that case fax correspondence, was sufficient to satisfy the service of process requirement. It clearly was not in accordance with 213, but that's because Illinois law allows for alternative methods of service. And when we discussed the affidavit of Mr. Kirkpatrick, the question was not that he offered to come to Ms. Powers, or just talk to Ms. Powers about the case. He gave her two options. He said he could either serve her in the normal method under 213 by the sheriff, or she could come to his office and accept service informally. And she informed him that she would agree to accept service informally, and came to his office, and then he gave her the complaint as that alternative method of service. So, your opposing counsel points out in your brief on page 6, where you say the defendant confirmed in her own affidavit that she met with plaintiff's counsel and accepted a copy of the complaint, C-59. What exactly does the affidavit say in regard to, is that you're paraphrasing that, or is that what it says? Sure, the affidavit specifically says, let's see, that, let's see here, he stated that, I had communicated with the defendant, Kimberly Power, prior to filing the complaint, advising that I would be filing said complaint. I contacted the defendant after filing the complaint, and offered to her the opportunity to meet with me to accept service of the complaint, rather than having the sheriff's office appear at her law office for service of the summons. That's his affidavit, though. Your brief says her affidavit confirms she accepted a copy. Yes, her affidavit states that she accepted a copy of the complaint. Now, she claims that it was an unfiled copy, and she just generally claims that she never agreed to accept service in that manner. But again, that's her uncorroborated testimony in the, I believe it's the MB Financial Bank case, specifically says that a defendant's uncorroborated testimony is not sufficient in itself to overcome an affidavit of service in the file and in the court record. And that's exactly what we have here. And again, she had the opportunity in her motion of vacate hearing to present some sort of evidence showing, you know, to overcome the affidavit of service or to demonstrate or prove that she did not accept service in the manner that was agreed upon, but yet she failed to submit any such evidence. Even at that hearing, again, you pointed out that in that case, the court record shows that the transcript shows that the judge turned the floor over to the defendant and stated, I'm happy to hear what you wish to present, and she chose to present nothing other than her uncorroborated statements in her pleadings. So, again, the underlying issue is the abuse of discretion on whether in the absence of any factual evidence presented by the defendant to overcome the prior determination, prior factual ruling, that there was a valid service and a valid affidavit of service. The court did not abuse its discretion in denying her motion. And then, again, the burden of proof was on the defendant to prove through evidence that her motion to vacate should be granted. Again, this issue is not related to the underlying service that was decided in the original case years before she filed her motion to vacate. I also wanted to point out there were two motions to vacate, and I do think that this is a bit relevant, but she filed a motion to vacate on her own, but failed to attach a certificate of service, never delivered that motion to vacate, never set up for a hearing, never pursued it. That was earlier, and then it was two years later, I believe in 2022, when after the plaintiff had begun proceedings to foreclose the judgment lien on her house that she filed this new motion to vacate through her counsel in order to delay the foreclosure of her   Counsel suggested or argued that, I believe he termed it his backup or contingency plan or contingency with regard to her filing that in regard to the due diligence. He had an argument regarding the delay in one and not calling the original petition to be heard, and then secondly, waiting two years to do anything else with it. Right, and we would claim that that is clearly not duly diligent. The fact that she, we believe that it was all, and I would suggest that it's clear that it was all just essentially delay tactics. You know, after she was served she basically ignored the case probably because she thought that she could feign non-service based on the fact that there was no, because she wasn't served under 213, she was served under the agreement instead. And so then again, once she, once the default judgment was entered, she filed this motion to vacate just apparently again to try to use procedure to feign that she was being duly diligent, but then she didn't pursue her petition in any form or fashion and waited two years until the plaintiff started actually pursuing collection of this judgment before she actually proceeded with any motion to vacate. So she sat on her heels and did nothing until she was forced to just in order to delay the foreclosure of her house. I would say that that's not duly diligent. So basically similar to an invited error. I'm sorry? Like invited error in a criminal trial. She allowed this to happen and then wants to use it as a shield. Absolutely, absolutely. And you know, I think it is relevant that she basically, she surrendered her license to avoid ARDC discipline for the conduct that was the subject of this underlying lawsuit. And again, you know, she was inviting error by feigning that she would accept service, or at least she agreed to accept service thinking that she could claim later that she didn't. But again, her uncorroborated testimony in her pleadings claiming that she was not served was not supported by any evidence. She could have presented documentary evidence. She could have presented witness testimony. She knew she couldn't testify on her own behalf because when she was placed under oath, she would be forced to admit that she actually did embezzle her adopted son's trust fund and gamble it all away. So that's the reason we believe she did not testify on her own behalf and she had no other witnesses, no other documentary evidence. And so we would state that she simply didn't carry a burden of proof. The court correctly determined and frankly no reasonable person would have concluded that she presented sufficient evidence or carried her burden of proof on the actual motion to vacate. And the trial court I'm looking at a nine page order where Judge Rudolph went through pretty much everything, laid everything out, made his rulings, made his findings very specific as to these issues. Yes, he specifically found that she failed to carry a burden of proof, that she did not present sufficient evidence and again, while they want to attack the underlying service, that question was decided more than five years ago and the only issue, the only once it became final and unappealable, she also knew within the time frame for appealing and she could have appealed, instead she just filed you know, quietly filed her petition to vacate that she then completely failed to pursue. And so that order of default and judgment became final and unappealable including the finding that she was properly served and so now her only recourse is a motion to vacate which she bears the burden of proof, she is required to submit some type of evidence to prove that the standard of proof on a motion to vacate is generally preponderance of the evidence and the standard of proof for setting aside an affidavit of service if she had done that in the underlying case would have been clear and convincing evidence. So in any event, none of these burdens were satisfied and she, the trial court did not abuse this discretion. We believe that no reasonable person would have granted her motion giving the complete lack of evidence that she presented. And then just briefly in you know, defendant, they argue about void judgments and voidable judgments. Of course with a voidable judgment, the defendant has to establish the existence of a meritorious defense, due diligence in presenting that defense in the original action and due diligence in filing her section 214.01 motion. We believe again she didn't do any of those things. Just on the element of the existence of a meritorious claim or defense, we believe it's notable that in her brief she doesn't even deny liability. She only denies that the amount of the judgment is too high and claims that it should have been less. While she does have a generic denial in her pleadings, in her briefing she actually doesn't even deny that she did in fact embezzle the funds when she was arguing attempting to establish that she had a meritorious claim or defense. She simply doesn't. Based on her claim of not knowing the alleged amount, does she present any evidence as to what is owed or what, I mean, is there any evidence with regard to what she could possibly owe? No. The plaintiff spent a substantial amount of time. Part of the reasons for in the underlying case for all of the continuances is that they were trying to get her to engage in the case, produce discovery, provide bank statements, show how much money was there. She just ignored it all. And also, yeah, I would like to address the question of the mailing of the notices. The notices were mailed, and my recollection is that they were mailed to her law office, which she maintained until 2019, until December of 2019. So her law office was open this entire time that a lot of these notices were being sent. And even after that, we believe that she still was receiving mail at the office even after she had surrendered her license and closed her law office. So, yes, we would suggest that there's no reason that she did not receive any of those notices. But, yes, she did not present any evidence at all that she, of the amount of money that was in those accounts, any evidence to refute the liability that was determined in the underlying case, any of the things that would have been required. And, let's see, and then yeah, I would clarify one other thing with respect to Dobie Logan. The defendant states that there is some sort of a requirement that, or there's some sort of a difference between somebody who was appointed as a process server under 213 and a lawyer who is a competent person to serve the defendant. There is no distinction. The lawyer in this case was a competent person to serve her. He did in fact serve her. Again, his affidavit specifically states that he told her that she had two choices. She could either come and accept service informally from him or that she could be served formally through 213. And she chose the latter. And then he fulfilled the terms of that obligation. This case is even simpler than Dobie Logan because in that case, the defendant was represented by counsel and counsel was the one who agreed to accept service by alternative means. In this case, the defendant was the person herself. She was a licensed lawyer and agreed to accept service on her own behalf. There is nothing in Illinois law that states that agreements to accept alternative service have to be in writing. In this case, the facts clearly showed that she did agree to accept service and that service was accomplished in the manner agreed upon. To conclude, I would say that the Court did not abuse this discretion in any way given the fact that she completely failed to present any evidence to support her motion to vacate. Any questions? No questions. Thank you. I want to clear up, I think I've given you the wrong year. The petition was filed in January of 2021. That's when she filed her motion. Thank you. It was 2000, September of 2020 is when the default judgment had been entered. Every case that is  filed, the plaintiff cites has a written agreement of some form. Going back to Dovie Logan for just a second, it wasn't that the attorney for the plaintiff in that case was a good was a valid process server and that therefore you didn't need a valid process server. It was that there was an agreement to accept service by the defendant's attorney. They had a specific agreement that was reduced to writing. Just like every case that plaintiff cites, I went through in my brief and detailed the fact that they always had a written agreement. They didn't follow Rule 213 precisely, but they did have a written agreement with respect to each of it. Most of the time it came before service and once Dovie Logan, it came after service, but there was always a written agreement with respect to accepting service process. You asked about Kimberly's motion to vacate in her affidavit. I quote from paragraph 6 of both, he did not give me a copy. She specifically denied that Eric Kirkpatrick had given her a copy of the petition in this matter. And there was no summons. So there was no summons to even give. There wasn't even lip service toward complying with Rule 213. It was no attempt to comply with Rule 213 in any fashion. And that's what makes this so problematic. If service of process is totally reduced to just some informal, hey, let's meet up and let's discuss the case and we'll consider this to be service, if everybody's in agreement with that and that works out, Dovie Logan says that's okay, but clearly there was no agreement or she wouldn't have signed an affidavit saying he did not give me a copy. If there's one affidavit from the attorney that says I gave her a copy, there's an affidavit from the defendant that says he didn't give me a copy and that's what the court has to decide, has to make a credibility determination based upon what it has in front of it. That's how court's job is to make that determination. I don't disagree with that. The trial court absolutely has the authority to decide the facts. But the problem with all of this is that's why we have Rule 213 requiring something to be in writing so you avoid this problem of he said, she said in this particular case. And that's why Dovie Logan is an aberration and it's a Rule 213 opinion. And every other case that's cited by the defendant, they had a written agreement ahead of time. And sometimes it was facts, sometimes it was an email, but it was always something in writing that both sides agreed to. There was a mention about service by, service of process by Kimberly. She filed hers through e-Odyssey. He was already in, Eric Kirkpatrick was still in the case because this came right after the default judgment. He would have been served through e-Odyssey, filed in Fifth System. And as far as, I know there was a mention made about inviting error. I disagree that she invited error in this place, in this particular case, simply because she didn't sign anything and is now claiming, oh, that wasn't proper service of process. This is a situation which goes back full circle to what I said in the beginning. This easily could have been avoided by Eric Kirkpatrick simply by having her served at home or making her sign an affidavit when she's sitting in his office. But something needed to be done to indicate that this had been an agreement between the two of them that there was really going to be service of process when they met in July of 2018. Thank you. And I just want to be clear. I wasn't saying that she invited error. It was basically that was the, it was similar argument that. I understand, Your Honor. But I wanted to address the fact that she didn't precipitate this. He could have easily avoided this problem if he'd have simply had her served or had her sign an affidavit. She's sitting right there in his office. Anything to indicate that she agreed that she was actually accepting service of process and waiving summons. Because remember, there's no summons. Summons is required, too. So I would indicate that that is equally important that she receive a summons saying, you know, you need to answer within 30 days. I get that she's an attorney, but she still should be informed of that. Thank you. Where is the due diligence in this that she waited over two years to do anything with the dispute? The default finding was in 2019. The default judgment was in September of 2020. She files four months later in January of 2021. She never called it for a hearing, never did anything with it right until August of 2022? That's true. That's true. That's not due diligence, is it? If it's a void order, that's probably not due diligence. That's why we're focusing on the fact that it's a void order and you don't necessarily can be collaterally attacked at any time. Just to be clear also, you keep referring to Rule 213, but it's not Supreme Court Rule 213. I'm sorry if I said Rule 213. I meant 2-213 of the Civil Practice Act. Thank you. Thank you both for your arguments today. The court will take the matter under consideration and issue its ruling in due course.